United States District Court
Southern District of Texas

**ENTERED**

September 23, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HILARION GARCIA SANCHEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00172 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Before the Court are Petitioner Hilarion Garcia Sanchez's Petition for Writ of Habeas Corpus (Doc. #1), Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss (the "Motion to Dismiss") (Doc. #9), and Petitioner's Reply (Doc. #10). Having considered the parties' arguments and applicable legal authority, the Court denies the Motion to Dismiss and grants the Petition for Writ of Habeas Corpus.

Petitioner Hilarion Garcia Sanchez ("Petitioner"), a citizen of Mexico, entered the United States without inspection at an unknown location on an unknown date.[1] Doc. #1, Ex. 2 at 5. On March 3, 2025, Immigration and Customs Enforcement apprehended Petitioner on his way to receive medical treatment and took him into custody. Doc. #1 at 16; Doc. #1, Ex. 2 at 5. At that time, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear, charging him with being "an alien present in the United States who has not been admitted or

[1] Petitioner claims he entered the United States in March 2010 at or near McAllen, Texas. Doc. #1 at 14. He has continuously resided in the United States since that time. *Id.* Furthermore, he has four minor children who are United States citizens. *Id.* at 15. Respondents do not dispute these contentions in their Motion to Dismiss. *See* Doc. #9.

paroled" and is thus inadmissible under the Immigration and Nationality Act. *Id.* On November 13, 2025, an immigration judge ordered Petition to be released from detention upon the posting of a $3,000 bond. Doc. #9 at 2; Doc. #15, Ex. 1 at 3. DHS appealed the decision four days later. Doc. #9 at 2. On March 31, 2026, the Board of Immigration Appeal sustained DHS's appeal and vacated the immigration judge's decision granting Petitioner release on bond. Doc. #15 at 2; Doc. #15, Ex. 1; Doc. #15, Ex. 2. As such, Petitioner has remained detained at the Montgomery Processing Center in Conroe, Texas for over eighteen months. Doc. #1, Ex. 2 at 2; Doc. #13 at 5. Based on the record before the Court, Petitioner has no material criminal history, is not a flight risk, and does not otherwise pose a danger to the community.[2] Doc. #13 at 7.

Respondents argue Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2). Doc. #15 at 3–8. Petitioner argues his continued detention violates the Due Process Clause of the Fifth Amendment. Doc. #1 at 18–20; Doc. #13 at 16–18. Courts in the Southern District of Texas have held that the continued detention of a noncitizen who has no material criminal history and has not been shown to be a flight risk or danger to the community violates procedural due process. *See Batalla Nava v. Tate*, 4:26-cv-739, 2026 WL 1103033, at *2–4 (S.D. Tex. Apr. 23, 2026); *Reyes Suarez v. Thompson, et al.*, 4:26-cv-678, 2026 WL 1103030, at *2–4 (S.D. Tex. Apr. 23, 2026); *Rodriguez v. Frink*, 4:26-cv-798, 2026 WL 709487, at *8–10 (S.D. Tex. Mar. 13, 2026). The Court sees no reason to reach a different conclusion here.

---

[2] The Court acknowledges Petitioner's criminal history consists of three convictions for driving while intoxicated ("DWI"), as well as a related evading arrest conviction. Doc. #1 at 16. The Court does not understate the severity of these offenses but nevertheless notes that two of Petitioner's DWIs and his evading arrest conviction are approximately twenty years old. Doc. #1, Ex. 2 at 37–39. Furthermore, following his more recent DWI conviction on June 11, 2020, Petitioner served a 110-day jail sentence without incident. *Id.* at 40; Doc. #1 at 16. At a hearing held in this case on September 16, 2026, the Court confirmed Petitioner has no other criminal history.

Accordingly, the Court concludes that Petitioner's detention, without an individualized assessment or opportunity to be heard, violates his right to procedural due process. After reviewing the authorities and the record, the Court determines release is the appropriate habeas relief for the unlawful detention in this case. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("[F]ederal courts may grant habeas relief as law and justice require.") (cleaned up).

For the foregoing reasons, Respondents' Motion to Dismiss is DENIED. Doc. #9. Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED. Doc. #1.

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.

2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of his release at least three (3) hours before release.

3. Respondents are further ORDERED to return to Petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during detention.

4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.

6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

SEP 22 2026

Date

The Honorable Alfred H. Bennett
United States District Judge